IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **MPL BRANDS NV, INC.,** doing business as **PATCO BRANDS,** a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>**VAMPIRE FAMILY BRANDS, LLC,** a Delaware limited liability company,<br><br>Defendant. | Case No. 5:20-cv-1231 |

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff MPL Brands NV, Inc. d/b/a Patco Brands ("Patco") alleges:

### PARTIES

1. Patco is a Nevada corporation with its principal place of business in Las Vegas, Nevada.

2. Patco is informed and believes, and based thereon alleges, that defendant Vampire Family Brands, LLC ("Vampire Family Brands") is a Delaware limited liability company with its principal place of business in West Hollywood, California.

### JURISDICTION AND VENUE

3. This action arises under the Declaratory Judgment Act, 28 U.S.C. Section 2201, and the Lanham Act, 15 U.S.C. Sections 1051 *et seq.* Jurisdiction is conferred on this Court by 15

1

U.S.C. Section 1121(a) and 28 U.S.C. Section 1338(a), in that this case arises under the trademark laws of the United States, as well as 28 U.S.C. Section 1332(a)(1), in that this action is between citizens of different states and the matter in controversy exceeds the sum or value of $75,000.

4.      Venue is proper in this district under 28 U.S.C. Section 1391(b)(1) and 1391(c)(2) because Vampire Family Brands resides here, as it is subject to the Court's personal jurisdiction with respect to this civil action.

5.      Venue is also proper in this district under 28 U.S.C. Section 1391(b)(2) because a substantial part of the events or omissions giving rise to this action occurred here. Specifically, strategic planning for the sale and distribution of the product at issue in this case has taken place in this district; contracts and agreements for the sale of the product at issue in this case were negotiated in this district; contracts and agreements for the sale of the product at issue in this case call for performance in this district; and the product at issue was distributed to, and sold to retailers out of, this district.

### FACTS

6.      Patco is a family-owned and operated company specializing in the production, importation, distribution, marketing and/or sale of wine and spirits.

7.      Patco sells various drinks fermented from agave, a slow growing succulent plant that is native to certain hot, arid regions of Central and South America. Consumers in the United States are probably best familiar with tequila, a mezcal spirit distilled from blue agave in Mexico. Tequila is commonly used as an ingredient in the popular cocktail known as the margarita, which has its origins in Mexico.

8.      Patco's portfolio includes several margarita-style cocktails, which are made with agave wine and can therefore be sold through establishments that are licensed to retail beer and wine:

- RANCHO LA GLORIA (U.S. Trademark Registration No. 4365424);

- LA VIDA BONITA (U.S. Trademark Registration No. 5130541); and
- UNO MAS (U.S. Trademark Registration No. 5614269).

9. Under its GRAN AGAVE brand, Patco sells packaged ready-to-drink agave wine versions of other Mexican cocktails such as the paloma and vampiro. Each incorporates a blend of blue agave, cane sugar, sparkling water, citrus flavors and spices.

10. Among those retailers who sell Patco's Gran Agave Mix Vampiro is regional Texas grocer H-E-B, which has carried the product on its store shelves since in or around October 2019.

11. In early August 2020, defendant Vampire Family Brands named HEB Grocery Company, LP as the sole defendant in a trademark infringement action brought in this judicial district, Case No. 1:20-cv-00330-MJT.

12. Vampire Family Brands alleges therein, among other things, that it "has a great tasting Gourmet Bloody Mary cocktail," which "it markets as its VAMPIRE Gourmet Bloody Mary Cocktail." Vampire Family Brands claims that it "began selling VAMPIRE Gourmet Bloody Mary Cocktails in" 2017.

13. Vampire Family Brands further contends that the public is likely to be confused and deceived by H-E-B's sale of the Gran Agave Mix Vampiro, and that use of the word "vampiro" for a premixed cocktail so closely resembles Vampire Family Brands' products and services (including its Gourmet Bloody Mary Cocktail) that the public is likely to erroneously assume the existence of some connection, sponsorship or affiliation.

14. But Vampire Family Brands possesses no proprietary rights in the Spanish language word "vampiro," which for decades has been the generic name for a cocktail widely believed to originate in or around "the agricultural village of San Luis Soyatlán on the southern shore of Lake Chapala, Mexico's biggest inland body of water . . . ." Duncan Tucker, "Everyone Drinks Vampire Cocktails Out of Plastic Bags in This Tiny Mexican Town," *Munchies*, June 2016,

available at http://www.vice.com/en_us/article/kbkpmv/everyone-drinks-vampire-cocktails-out-of-plastic-bags-in-this-tiny-mexican-town.

15. "The Vampiro is the national drink of Mexico. It is said to have been invented by Oscar Hernández on his food stall in San Luis Soyatlán." Nigel Eastmond, "Vampiro," *The Nosey Chef*, Oct. 26, 2019, available at http://noseychef.com/2019/10/26/vampiro/. "Customers would comment that it looked like he was drinking blood, and the mix became known as a 'Vampiro.'" *Id.*

16. A vampiro typically contains such ingredients as fruit juice or sangrita, citrus-flavored soda (Squirt brand is particularly popular), lime, tequila and spices. *See*, *e.g.*, http://www.allrecipes.com/recipe/221159/vampiros-mexicanos-mexican-vampires; http://www.marthastewart.com/870096/vampiro; http://www.diffordsguide.com/cocktails/recipe/2024/vampiro.

17. Use of the term vampiro with reference to Gran Agave's packaged agave wine version of that Mexican cocktail therefore constitutes classic fair use, and as a matter of law cannot give rise to liability for infringement of any purported trademark rights of Vampire Family Brands. In this regard, "vampiro" is merely a generic name for a type of drink—no different, for instance, than "margarita," "paloma" or "bloody mary."

18. As a matter of fact, Patco is informed and believes, and based thereon alleges, that Vampire Family Brands has actually never marketed a commercially available "Vampire Gourmet Bloody Mary Cocktail" product. Rather, Patco is informed and believes, and based thereon alleges, that Vampire Family Brands is or was seeking investment capital so that it may subsequently produce and market a commercially available production. *See e.g.* http://vampire.com/bloodymary.

19. According to the official crowdfunding page linked from Vampire Family Brands' website, a couple hundred individuals contributed less than $63,000 to the project in or around

2017–2018. *See* https://www.startengine.com/the-real-bloody-mary-co-llc. The fundraising page reflects that numerous investors have been complaining for months that they never received the promised rewards or even any updates. *Id.* Rather than ever going to market with the product, affiliated entity The Real Bloody Mary Co. apparently ended up in litigation with the individual from whom the Vampire Gourmet Bloody Mary Cocktail formula is or was licensed. *See The Real Bloody Mary Co., LLC v. Barreca*, Los Angeles Superior Court Case No. 18STCV01446.

20. Furthermore, Patco is informed and believes, and based thereon alleges, that Vampire Family Brands does not currently offer or market *any* pre-mixed or prepared alcoholic beverages in connection with the VAMPIRE mark, and indeed has never sold such beverages in connection therewith.

21. Tellingly, less than just two weeks before initiating the aforementioned action in this district against H-E-B, Vampire Family Brands filed with the United States Patent and Trademark Office an application (Serial No. 90067102) to register the word mark VAMPIRO in International Class 33 on an intent to use basis—meaning that the applicant has not yet actually used such mark in commerce, and instead presently only "has a bona fide intention" to do so. 15 U.S.C. § 1051(b)(1).

22. Moreover, the validity of Vampire Family Brands' existing federal registration (No. 5444375) of the word mark VAMPIRE in International Class 33 for "Pre-mixed alcoholic beverages, other than beer-based; Prepared alcoholic cocktail" is also under challenge in a cancellation proceeding currently pending before the United States District Court for the Central District of California, Case No. 2:19-cv-09222-DOC.

**CLAIM FOR DECLARATORY RELIEF**

**Against Defendant Vampire Family Brands, LLC**

23. An actual controversy has arisen and now exists between the parties, for which Patco desires a declaration of rights, relating to Patco's right to continue using the Spanish word

"vampiro" on and in connection with its Gran Agave Mix Vampiro ready-to-drink beverage product.

24.     A declaratory judgment is necessary in that Patco contends (and Vampire Family Brands disputes) that its use of "vampiro" with reference to Gran Agave's packaged agave wine version of that Mexican cocktail constitutes fair use, and as a matter of law cannot give rise to liability for infringement of any purported rights of Vampire Family Brands.

WHEREFORE, Patco prays for a declaratory judgment against Vampire Family Brands as follows:

1.     That the Court declare the respective rights and duties of Patco and Vampire Family Brands as to Patco's legal ability to continue making non-trademark use of the word "vampiro" on and in connection with vampiro products.

2.     That Patco be awarded its attorneys' fees, costs and expenses incurred herein; and

3.     For such other and further relief as the Court deems just and proper.

### JURY DEMAND

Patco demands a trial by jury on all issues so triable.

Dated: October 16, 2020

Respectfully submitted,

By: /s/ *Andrés Correa*
Christopher J. Schwegmann
cschwegmann@lynnllp.com
Texas Bar No. 24051315
Andrés Correa (*admission pending*)
acorrea@lynnllp.com
Texas Bar No. 24076330
Lynn Pinker Hurst & Schwegmann
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
(214) 981-3800 | (214) 981-3839 facsimile

Ryan J. Stonerock (*pro hac vice* to be filed)
Harder LLP
132 South Rodeo Drive, Fourth Floor
Beverly Hills, California 90212
(424) 203-1600 | (424) 203-1601 facsimile
rstonerock@harderllp.com

**Attorneys for Plaintiff**
**MPL Brands NV, Inc. d/b/a Patco Brands**